820 F.2d 1226
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddy Lee TREW, Defendant-Appellant.
 No. 86-5892.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1987.
 
 BEFORE: KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge[1]
 PER CURIAM.
 
 
 1
 Defendant-appellant Freddy Lee Trew (Trew) has appealed from his jury conviction on five counts of mail fraud in violation of 18 U.S.C. Sec. 1341.[2]
 
 
 2
 The record disclosed the following facts underlying Trew's conviction. The use of the mans occurred as part of a scheme to defraud the insurer of a house owned by Thomas Allen Parks (Parks), a close friend of Trew's. Aware that Parks was under considerable financial pressure, Trew suggested that Parks commit arson to collect insurance proceeds and offered to participate in the crime in exchange for the furniture in Parks' house. Although amenable to the plan, Parks could not financially afford to give Trew the furniture unless the insurance payment not only compensated Parks for the value of his house but was enhanced by an additional amount representing the value of his furniture. Trew subsequently devised a scheme whereby Parks would receive the additional proceeds.
 
 
 3
 Following the destruction of the house and its contents, Parks filed an insurance claim that resulted in correspondence between the insurer, its independent adjuster, and the insurance agents. Each of the mailings separately occurred prior to payment of the insurance policy proceeds to Parks. Further, since each mailing was a necessary prerequisite to payment of the claim, each mailing separately furthered Parks' attempt to fraudulently obtain the insurance proceeds.
 
 
 4
 Trew argued on appeal that the counts in the indictment were multiplicious because, although each count was based upon a separate use of the mails, the mailings arose from a single act of fraud. As interpreted by the Sixth Circuit, multiple uses of the mails arising from a single act of fraud constitute separate and distinct violations of 18 U.S.C. Sec. 1341 provided that each use of the mails separately furthered the scheme to defraud the insurer. See e.g. United States v. Castile, 795 F.2d 1273, 1275-1276 (6th Cir.1986) (correspondence between the insurer, its adjustor and its investigator held sufficient to support separate violations of Sec. 1341, even though the correspondence resulted from a single act of fraud). Since each of the instant mailings separately furthered Parks' attempt to receive the insurance proceeds, and hence Trew's attempt to retain the furniture, it is apparent that the counts in the indictment were not multiplicious.
 
 
 5
 Trew additionally argued that the use of the mails was not reasonably attributed to him because his assistance to Parks was limited to committing the crime of arson, an act that was completed prior to use of the mails. To sustain a conviction under 18 U.S.C. Sec. 1341, there must be evidence that the mailings were sufficiently closely related to the scheme to bring the defendant's conduct within the statute. United States v. Freitag, 768 F.2d 240, 243 (8th Cir.1985). See also United States v. Draiman, 784 F.2d 248, 252 (7th Cir.1986). Subsequent uses of the mails that furthered the defendant's continuing interest in the scheme are sufficiently related to bring his conduct within the scope of 18 U.S.C. Sec. 1341. See e.g. United States v. Dick, 744 F.2d 546, 552 (7th Cir.1984) (termination of the defendant's interest in the scheme absolved him of responsibility for subsequent uses of the mails). In light of the fact that Parks could not afford to give Trew the furniture absent receipt of the insurance proceeds, Trew's interest in the scheme continued until Parks received the proceeds. Hence, the various uses of the mails were reasonably attributed to Trew.
 
 
 6
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 Hon. Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 Section 1341 states that
 Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.
 18 U.S.C. Sec. 1341 (1987).